UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Defendant. | Case No.  14-cv-03643-CW   (DMR)<br><br>**ORDER REQUSTING SUPPLEMENTAL INFORMATION**<br><br>Re: Dkt. Nos. 116, 140 |

On July 9, 2015, Defendant issued a subpoena for documents and deposition to third party, SanDisk Corporation. On October 7, 2015, both Plaintiff and Defendant attended the deposition and questioned SanDisk's corporate representative. On October 16, 2015, Plaintiff filed a motion to compel a continuation of SanDisk's deposition. Docket No. 116.

Plaintiff requested that the court order a continuation of SanDisk's deposition because Plaintiff believed it had not had sufficient opportunity prior to the October 7, 2015 deposition to review certain documents produced by SanDisk that Plaintiff received on October 1, 2015.[1]

Defendant objected to continuation of the deposition on the grounds that Plaintiff lacked standing to seek an order enforcing the subpoena that Defendant, and not Plaintiff, had served on SanDisk, and that there was no reason to continue the deposition. SanDisk also submitted a statement to refute any claims that it had acted improperly, stated the efforts it had made to accommodate Plaintiff, and requested that the court deny Plaintiff's request.

The court requested supplemental briefing on the issue of Plaintiff's standing to compel compliance with a subpoena that it had not issued. Docket No. 137.

---

[1] Plaintiff states that on October 1, 2015 it received nearly 900 pages of documents consisting of technical computer source code and a circuit board photo. The documents were initially designated "Attorneys' Eyes Only," which prevented Plaintiff from sharing the documents with its expert. Plaintiff requested, and SanDisk granted, permission for Plaintiff to share the documents with its expert.

In the parties' supplemental briefing, Defendant argued that Plaintiff's motion to compel is moot because Plaintiff has issued its own subpoena to SanDisk and thus will have an opportunity to further question SanDisk. Docket No. 140.

Plaintiff did not address this issue. By December 8, 2015, Plaintiff shall file a letter of no more than one page addressing the issue of whether its motion to compel [Docket No. 116] is moot, in light of the fact that it has issued its own subpoena to SanDisk.

**IT IS SO ORDERED.**

Dated: December 4, 2015

Donna M. Ryu
United States Magistrate Judge