1

2

3

4                             UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7   TECHNOLOGY PROPERTIES LIMITED          Case No.  14-cv-03643-CW   (DMR)
    LLC, et al.,

8                    Plaintiffs,            **ORDER RE DISCOVERY LETTERS**

9         v.                               Re: Dkt. No. 116, 140, 144

10  HEWLETT-PACKARD COMPANY,

11                   Defendant.

12        On July 9, 2015, Defendant Hewlett-Packard ("HP") issued a document and deposition

13  subpoena to third party SanDisk Corporation.  On October 7, 2015, Plaintiffs and HP attended the

14  deposition and questioned SanDisk's corporate representative.  On October 16, 2015, Plaintiffs

15  filed a motion to compel a continuation of SanDisk's deposition.  [Docket No. 116.]  Plaintiffs

16  argued that they should be entitled to reopen the San Disk deposition because they were not

17  provided a sufficient opportunity to review approximately 900 pages of documents consisting of

18  computer source code and a circuit board photo produced by SanDisk shortly before the

19  deposition.  In response, HP argued that Plaintiffs did not have standing to seek such relief,

20  because the San Disk subpoena had been served by HP.  *Id.*  Plaintiffs did not address the issue of

21  standing in the joint discovery letter.  *Id.*  On November 25, 2015, the court ordered supplemental

22  briefing on the issue of Plaintiffs' standing to compel compliance with the subpoena served by

23  Defendant on SanDisk.  [Docket No. 137.]

24        In the supplemental briefing, HP argued that Plaintiffs did not have standing to move to

25  compel, and that Plaintiffs' motion was moot because Plaintiffs had served their own subpoena on

26  SanDisk and thus would have an opportunity to obtain further deposition testimony.  [Docket No.

27  140.]  In Plaintiff's supplemental briefing, Plaintiffs conceded that they were not aware of any

28  precedent addressing the issue of their standing to move to compel compliance with a subpoena

United States District Court
Northern District of California

issued by another party, but argued that they should have a right to continue the deposition of SanDisk without issuing their own subpoena.  [Docket No. 140.]  Plaintiffs also acknowledged that they had issued their own subpoena to SanDisk.  *Id.* at 2.  In a further submission, Plaintiffs assert that the issuance of their own subpoena did not moot their motion to compel compliance, because Plaintiffs anticipate that SanDisk will file a motion to quash the subpoena, or for a protective order.  [Docket No. 144.]

Plaintiffs' speculation about SanDisk's response to their subpoena does not present a ripe dispute.  In light of the fact that Plaintiffs have served their own subpoena on SanDisk, the court finds that Plaintiffs' motion to compel a continuation of SanDisk's deposition taken pursuant to Defendant's subpoena is moot.   If a dispute arises regarding Plaintiffs' subpoena, the parties shall promptly meet and confer about the dispute, and shall file a joint discovery letter if appropriate.

Plaintiffs' motion to compel the continuation of SanDisk's deposition [Docket No. 116] is denied as moot.  This order resolves the discovery letters filed as Docket No. 116, 140, and 144.

**IT IS SO ORDERED.**

Dated: December 17, 2015

_____

Donna M. Ryu
United States Magistrate Judge